**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Thomas F. Dockery, ) | FILED: MAY 1, 2009 |
| ) | 09CV2676 |
| Plaintiff, ) | JUDGE ST. EVE |
| ) | MAGISTRATE JUDGE SCHENKIER |
| v. ) | No.   BR |
| ) | |
| Medical Recovery Specialists, Inc., ) | |
| an Illinois corporation, ) | |
| ) | |
| Defendant. ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Thomas F. Dockery, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3.   Plaintiff, Thomas F. Dockery ("Dockery"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Rush University Medical Center.

4.     Defendant, Medical Recovery Specialists, Inc., ("MRSI"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, MRSI was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Dockery.

**FACTUAL ALLEGATIONS**

5.     On September 28, 2007, Mr. Dockery filed a Chapter 13 bankruptcy petition in a matter styled In re: Dockery, N.D. Ill. Bankr. No. 07-17758.  Among the debts listed on Schedule F of Mr. Dockery's bankruptcy petition was a debt he allegedly owed to Rush University Medical Center.  See, excerpt of bankruptcy petition attached as Exhibit A.

6.     Accordingly, on October 3, 2007, Rush University Medical Center was sent notice of Mr. Dockery's bankruptcy by the court, via First Class U.S. Mail, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines, which is attached as Exhibit B.

7.     Thereafter, on November 26, 2007, Mr. Dockery Modified his Chapter 13 Plan, and on November 29, 2007, Rush University Medical Center was sent notice of same, by the court, via First Class U.S. Mail, see, the Certificate of Service to the Modified Chapter 13 Plan, dated November 26, 2007, which is attached as Exhibit C.

8.     Mr. Dockery again modified his Chapter 13 Plan on January 15, 2008, and on January 18, 2008, Rush University Medical Center was sent notice of same, by the

court, via First Class U.S. Mail, see, the Certificate of Service to the Modified Chapter 13 Plan, dated January 15, 2008, which is attached as Exhibit D.

9. On July 10, 2008, Mr. Dockery, converted his bankruptcy to a Chapter 7 bankruptcy and on July 17, 2008, Rush University Medical Center was again sent notice of Mr. Dockery's bankruptcy, by the court, via First Class U.S. Mail, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines, which is attached as Exhibit E.

10. On October 20, 2008, Mr. Dockery received a discharge from his bankruptcy, and on October 22, 2008, Rush University Medical Center was sent notice of same, by the court, via First Class U.S. Mail, see, the Certificate of Service to the Discharge of Debtor, which is attached as Exhibit F.

11. Nonetheless, Rush University Medical Center's agent, Defendant MRSI, sent Mr. Dockery a collection letter, dated February 27, 2009, falsely stating that Mr. Dockery still owed the Rush University Medical Center debt that was included in his bankruptcy, and demanding that he pay this debt. A copy of this collection letter is attached as Exhibit G.

12. All of Defendant MRSI's collection actions at issue in this matter occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692e Of The FDCPA --
False Representation Regarding A Debt That Is Not Owed**

14.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt.  See 15 U.S.C. § 1692e(2)(A).

15.     Stating, in the February 27, 2009 collection letter (Exhibit G), that Mr. Dockery owed the debt at issue, and demanding payment of it, when in fact, the debt could no longer be collected from Mr. Dockery due to his bankruptcy, was a false representation that violates § 1692e of the FDCPA.  Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

16.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Thomas F. Dockery, prays that this Court:

1.     Declare that Defendant's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Dockery, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Thomas F. Dockery, demands trial by jury.

> Thomas F. Dockery,
> By: /s/ David J. Philipps_____
> One of Plaintiff's Attorneys

4

Dated:  May 1, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com